IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC DAVID KELLER,

        Plaintiff,

vs.                                Case No. 16-2117-JTM

U.S. CELLULAR,

        Defendant.

MEMORANDUM AND ORDER

On April 28, 2016, the court granted defendant U.S. Cellular's motion to compel arbitration, finding the arbitration clause in the agreement between the parties was "very broad," and covered *pro se* plaintiff Eric David Keller's claims in the present action. (Dkt. 6, at 2). The court explicitly stated that "the parties are hereby ordered to arbitrate all claims in the present action, and the case is hereby STAYED pending resolution of the arbitration." *Id.*

Keller has subsequently submitted two documents to the court. The first, entitled "Agreement of Party to Arbitrate," indicates that plaintiff "AGREE[S] TO COMMENCE ARBITRATION." (Dkt. 8, at 1). However, by a separate mailing received the same day by the Clerk of the Court, Keller submitted a "Notice to the Court of Arbitrator Vacancy," under which he asks the court to designate an arbitrator. (Dkt. 9).

The plaintiff's motion is denied. Under 9 U.S.C. § 5, the court may appoint an arbitrator only where the parties failed to specify a method for arbitration. "If in the agreement provision be made

for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed." *Id.* Here the agreement specifies that arbitration is to be accomplished under the rules of the American Arbitration Association, thus incorporating that Association's rules for the selection of an arbitrator from a national roster of arbitrators.

Keller has shown no reason why the court should ignore the agreement of the parties and intervene to appoint an arbitrator. U.S. Cellular states in its response, without subsequent contradiction by Keller, that "Plaintiff has not even submitted an arbitration claim to the FAA." (Dkt. 11, at 2).

IT IS ACCORDINGLY ORDERED this 26th day of July, 2016, that the present matter shall remain stayed, and the request for the appointment of an arbitrator (Dkt. 9) is hereby denied.


   ___s/ J. Thomas Marten_____
   J. THOMAS MARTEN, JUDGE